IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

BRIAN THOMAS WOODS,

    Plaintiff,

vs.

JUDGE NIGG, COUNTY ATTORNEY POTTER,

    Defendants.

No. 10-10-EJM

ORDER

This matter is before the court on the plaintiff's application to proceed in forma pauperis, filed January 26, 2010. Granted. Dismissed.

Plaintiff, presently confined in the Anamosa State Penitentiary, brings this action seeking damages for the alleged deprivation of his constitutional rights pursuant to 42 USC §1983. The court has jurisdiction pursuant to 28 USC §1331.

Based on the application with certificate of inmate account, in forma pauperis status shall be granted. 28 USC §1915. Given his current financial status, the plaintiff shall not be required to submit an initial partial filing fee. 28 USC § 1915(b)(1). Nonetheless, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350 filing fee is paid. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 USC §1915(b)(2).

As the court understands plaintiff's Complaint, he urges that following his sentence to imprisonment, defendants' actions resulted in a change in the computation of his sentence, leading to a longer term of incarceration.

If construed as a challenge to his confinement, the relief sought by the plaintiff is not available in a 42 USC §1983 action.[1] Moreover, the complaint fails to state a claim upon which relief can be granted. Defendant Nigg is entitled to absolute immunity because a judge, performing judicial functions, has absolute immunity from 42 USC §1983 liability. Pierson v. Ray, 386 US 547, 554-55 (1967). Similarly, as a prosecutor Defendant Potter is entitled to absolute immunity from a suit for damages "under 42 USC §1983 for [his or her] conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 US 478, 486 (1991). Finally, if construed as an application for habeas corpus relief under 28 USC §2254, plaintiff's claim must be dismissed for failure to meet the exhaustion requirements of 28 USC §2254(b)(1).

It is therefore

Ordered

1. Application to proceed in forma pauperis granted.

2. Plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

3. The agency having custody of plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

---

[1] To the extent he seeks damages for an unlawful conviction or sentence, a 42 USC §1983 cause of action does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." Heck v. Humphrey, 512 US 477, 486 (1994).

2

4. Dismissed.

March 18, 2010.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Brian Thomas Woods, #1116734, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Woods v. Nigg, et al.*, Case No. C10-10 EJM. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350 filing fee. Because the plaintiff has insufficient funds in his account, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless,

> . . . [the plaintiff] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

s/Karen S Yorgensen, Deputy

Robert Phelps
U.S. District Court Clerk
Northern District of Iowa